## (March 10, 1958)

■ PAUL GLASER, Respondent, v. HYMEN KAPLAN et al., Doing Business as HANSEN'S BOAT YARD, Appellants.— Motion referred to the court that rendered the decision. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ. Motion for reargument denied, with $10 costs. The respondent's time to serve a further amended complaint is extended until 10 days after the entry of the order hereon. Present — Wenzel, Acting P. J., Murphy, Ughetta and Kleinfeld, JJ.; Beldock, J., not voting.

■ In the Matter of M. ANONYMOUS, Petitioner, against GEORGE A. ARKWRIGHT, as Justice of the Supreme Court of the State of New York, Respondent.— Motion for reargument denied, without costs. The petitioner's time to pay the fine is extended until 30 days after the entry of the order hereon or until 30 days after the determination by the Court of Appeals of a motion in that court for leave to appeal, provided that such motion is made returnable during the next session of that court. Motion for leave to appeal to the Court of Appeals denied, without costs. Present — Wenzel, Acting P. J., Murphy, Ughetta and Kleinfeld, JJ.; Beldock, J., not voting.

■ In the Matter of the Arbitration between BOULEVARD FUNERAL PARLORS, INC., Appellant, and METROPOLITAN FUNERAL DIRECTORS ASSOCIATION, INC., Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ HELEN P. JOCHUM, Respondent, v. WALLACE B. GRAHAM, Appellant.— Motion for leave to appeal to the Appellate Division denied. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ HERBERT OTTLEY, JR., an Infant by SYLVIA OTTLEY, His Guardian ad Litem, Respondent, v. GULL CONTRACTING Co., INC., et al., Appellants.— Motion for reargument of motion for leave to appeal to the Appellate Division denied, without costs. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ TENDERLY REALTY CORP., Respondent, v. HOWARD BEACH WINE & LIQUOR CORP., Appellant.— Motion for leave to appeal to the Appellate Division granted. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ SAUL BELLASK, Respondent, v. CORONATION HOMES, INC., Appellant. — In an action to recover damages for personal injuries based on common-law negligence and alleged breaches of sections 200 and 240 of the Labor Law, the jury rendered a verdict in favor of respondent with a special finding that appellant's liability was based on its responsibility both under section 200 and under section 240 of the Labor Law. The appeal is from the judgment entered thereon. Judgment reversed on the law, with costs, and complaint dismissed. The findings of fact are affirmed. Respondent, with a partner, was an independent contractor who agreed with appellant, the owner of houses under construction, to perform certain electrical work therein and to supply material therefor. He was injured while descending a ladder angled between the ground and the first floor over the basement of one of the houses. Respondent entered the premises in a dual capacity (1) pursuant to the contract to determine the need for material, and (2) to ascertain the number of outlets as prospective seller of fixtures, not included in the contract. It was error to charge the jury that sections 200 and 240 were applicable. Respondent was not an employee as to whom there was a duty under section 200 to furnish a safe place to work. He was not directed to perform labor under section 240. He was an independent contractor who performed no work in